UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY A. URBANEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　Defendant. | CIVIL ACTION NO. 4:22-CV-01024<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This action brought by *pro se* Plaintiff Jody A. Urbanek ("Urbanek") was commenced by the filing of a complaint on June 30, 2022, pursuant to 26 U.S.C. § 7609. (Doc. 1). In her complaint, Urbanek alleges that Defendant the Internal Revenue Service ("IRS") failed to send her Economic Impact Payments ("EIPs") pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). (Doc. 1, at 1-2). Having conducted the statutorily-mandated screening of Urbanek's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that it lacks subject-matter jurisdiction to hear Urbanek's claims against the IRS.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 30, 2022, Urbanek, a state prisoner incarcerated at the Pennsylvania State Correctional Institute at Muncy ("SCI-Muncy"), filed the instant action against the IRS.[1]

---

[1] On July 20, 2022, Urbanek filed a "motion for addendum," seeking to correct numerical errors in the complaint, such as "include a date correction delete 2 ½ years, add 3 ½ years for the year 2019 income tax return Form 1040," and "date correction delete 1 ½ years, add 2 ½ years for the year 2020 income tax return Form 1040." (Doc. 6, at 1). As discussed *infra*, Urbanek's complaint shall be dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 1). The Court finds that the suggested changes set forth in the "motion for addendum" do not affect the Court's consideration of Urbanek's complaint. According, Urbanek's "motion for addendum" is

(Doc. 1, at 1). Concurrently with her complaint, Urbanek filed a motion for leave to proceed *in forma pauperis*.[2] (Doc. 2).

In her complaint, Urbanek alleges that she timely filed a Form 1040 in 2019, 2020, and 2021 for her individual income tax return. (Doc. 1 at 2; Doc. 1-1, at 1-2). However, Urbanek asserts that the IRS has failed to respond to any of these filings. (Doc. 1, at 2; Doc. 1-1, at 1-2). Urbanek states in September 2021, she "mailed in good faith seven correspondences to federal agencies all located in Washington, D.C. requesting their assistance to recover [Urbanek]'s money EIP 1 and EIP 2 owed to her by the IRS." (Doc. 1-1, at 3). Urbanek asserts that IRS was deliberately indifferent to the implementation of the CARES Act, which created "a hardship of economic instability" for Urbanek. (Doc. 1-1, at 4). For relief, Urbanek demands a monetary amount of $5,000.00. (Doc. 1, at 2; Doc. 1-1, at 4-5).

II.  **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard

---

**DENIED** as **MOOT**, and Urbanek will be granted leave to file one, complete amended complaint that addresses the deficiencies set forth herein. (Doc. 6).

[2] The Court grants Urbanek's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the

court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,*

551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.   **DISCUSSION**

Although Urbanek purports to bring this action pursuant to 26 U.S.C. § 7609, the Court construes Urbanek's claim against the IRS as a tax refund claim pursuant to 26 U.S.C. § 7422, seeking funds distributed under the CARES Act. *See Davis v. Internal Revenue Serv.*, No. 21-CV-4728, 2022 WL 612718, at *4 (E.D. Pa. Mar. 1, 2022). The CARES Act was passed on March 27, 2020, in order to provide economic relief to certain individuals who reside in the United States during the COVID-19 pandemic. *Graham v. Dep't of the Treasury Internal Revenue Serv.*, No. 21-CV-1411, 2021 WL 5356784, at *2 (E.D. Pa. Nov. 17, 2021). The portion of the CARES Act relevant to this litigation amended the Internal Revenue Code providing for EIPs to be paid directly to eligible individuals through a "tax credit" to be paid in 2021 based on an individual's 2020 income tax return, *see* 26 U.S.C. § 6428(a), or as an "advance refund" to be paid on or before December 31, 2020, based on an individual's 2019

income tax return. *See* 26 U.S.C. § 6428(f). If an eligible individual had not filed a 2019 tax return, that individual would still be eligible to receive an advance refund based on that person's 2018 tax return. 26 U.S.C. § 6428(f)(5)(A).

Initially, the Internal Revenue Service maintained that incarcerated individuals were not eligible for EIPs. *Breton v. Mnuchin of the I.R.S.*, No. 3:21-CV-718, 2021 WL 5086400, at *3 (D. Conn. Nov. 2, 2021). In response, several incarcerated individuals filed suit and eventually sought to certify a class. The court in *Scholl v. Mnuchin*, 494 F.Supp.3d 661 (N.D. Cal. Oct. 14, 2020) (*Scholl II*), held that the CARES Act "does not authorize [the IRS] to withhold advance refunds or credits from class members solely because they are or were incarcerated." *Scholl II*, 494 F.Supp.3d at 692.

Under 28 U.S.C. § 1346(a)(1), the United States consents to be sued in the district court for a tax refund. Before filing suit, however, a taxpayer must exhaust his administrative remedies by filing a claim for a refund with the IRS. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); 26 U.S.C. § 7422(a).[3] Consequently, before filing suit in federal court for a tax credit or refund, a taxpayer must file an administrative claim with the IRS. *Clintwood Elkhorn Min. Co.*, 553 U.S. at 4; *see also* 26 U.S.C. § 7422(a).

Urbanek asserts that she did not receive EIPs that she should have under the CARES Act because she allegedly filed a 2019, 2020, and 2021 income tax return. (Doc. 1, at 1-2; Doc. 1-1, at 1-3). Urbanek also avers she mailed written inquiries to the IRS when she did not

---

[3] Section 7422(a) provides as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

receive a response. (Doc. 1-1, at 2). However, Urbanek does not allege that she filed an administrative claim as required by § 7422(a) of the Internal Revenue Code. (Doc. 1, at 1-2; Doc. 1-1, at 1-3). Because Urbanek does not appear to have exhausted her administrative remedies by filing an administrative claim, the Court lacks jurisdiction over Urbanek's request. *See Morton v. United States Virgin Islands,* No. 21-1292, 2021 WL 6137867, at *3 n.6 (3d Cir. Dec. 29, 2021) (citing *United States v. Williams,* 514 U.S. 527, 533 (1995)); *Davis,* 2022 WL 612718, at *5; *Wheat v. Mnunchin*, No. 2:21-CV-5 ACL, 2021 WL 1751299 (N.D. Mo. May 4, 2021) (citing *Scholl* and dismissing—without leave to amend—the complaint seeking court intervention to receive EIPs under the CARES Act); *Coy v. Trump*, No. 21-CV-01344-PJH, 2021 WL 965321 (N.D. Cal. March 15, 2021) (same).

Accordingly, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Due to the sparsity of the allegations in the complaint, the Court has insufficient information to conclude that amendment is futile. Urbanek has not alleged she submitted an administrative claim related to the EIPs, but the Court is unable to conclude this did not occur. Therefore, the Court will grant Urbanek leave to file an amended complaint against the IRS in an attempt to address the contents of her

submissions to the IRS, and allow the Court to clarify whether she exhausted her administrative remedies by filing an administrative claim. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108; *see Davis*, 2022 WL 612718, at *5.

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Urbanek is advised to follow each claim with a corresponding good-faith request for relief. Urbanek must limit claims to those by which she has suffered actual harm due to the actions of the IRS. Finally, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

IV. **CONCLUSION**

For these reasons, Urbanek's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 1). The Court grants Urbanek leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum Opinion, on or before **Wednesday, August 24, 2022**.

An appropriate Order follows.


Dated: July 25, 2022                          *s/ Karoline Mehalchick*
                                                           **KAROLINE MEHALCHICK**
                                                           **Chief United States Magistrate Judge**